## Vacancies in Supreme Court Membership

Department of Justice. Opinion to Hon. George H. Earle, Governor of Pennsylvania.

MARGIOTTI, Attorney General, July 30, 1935. — You have asked to be advised how long a person appointed by you to fill a vacancy existing in the office of justice of the Supreme Court, resulting from the death of an incumbent more than 3 months prior to a municipal election, will hold such office, and at what election such vacancy is to be filled by the electors.

Article v, sec. 25, of the Constitution of Pennsylvania provides as follows:

"Any vacancy happening by death, resignation or otherwise, in any court of record, shall be filled by appointment by the Governor, to continue till the first Monday of January next succeeding the first general election, which shall occur three or more months after the happening of such vacancy."

Standing alone, this provision would furnish a complete answer to your inquiry. However, there are other provisions of the Constitution which must be considered before finally determining this question.

Article VIII, sec. 2, of the Constitution, as amended November 2, 1909, provides that general elections shall always be held in even-numbered years. Prior thereto general elections were held annually.

Article VIII, sec. 3, as amended November 2, 1909 (in 1913 this section was also amended in another particular not applicable here), provides, inter alia:

"All judges elected by the electors of the State at large may be elected *at either a general or municipal election, as circumstances may require.* All elections for judges of the courts for the several judicial districts, . . . shall be held on the municipal election day; namely, the Tuesday next following the first Monday of November in each odd-numbered year, . . ." (Italics ours.)

Prior to the 1909 amendment, judges elected by the electors of the State at large could be elected only at the annual general election which took place in the fall.

Article IV, sec. 8, as amended November 2, 1909, provides, inter alia, as follows:

". . . he [the Governor] shall have power to fill any vacancy that may happen, . . . *in a judicial office,* or in any other elective office which he is or may be authorized to fill; . . . but in any such case of vacancy, in an elective office, a person shall be chosen to said office on the *next election day appropriate to such office according to the provisions of this Constitution,* unless the vacancy shall happen within two calendar months immediately preceding such election day, in which case the election for said office shall be held on the second succeeding election day appropriate to such office." (Italics ours.)

Prior to the 1909 amendment, this section provided, with respect to electors filling vacancies, as follows:

". . . but in any such case of vacancy, in an elective office, a person shall be chosen to said office at the next

*general* election, unless the vacancy shall happen within *three* calendar months immediately preceding such election, in which case the election for said office shall be held at the second succeeding *general* election." (Italics ours.)

It is clear that, prior to 1909, there was no inconsistency between article v, sec. 25, and the foregoing provisions of the Constitution. General elections were held annually in the fall, and vacancies in elective offices were required to be filled by the people at the next succeeding general election, unless the vacancy occurred within three months of such election, in which case the people were required to fill the vacancy at the second succeeding general election.

The amendments of 1909 made several drastic changes in the Constitution. General elections were required to be held biennially in even-numbered years, and municipal elections (the former annual spring elections) were required to be held biennially in odd-numbered years. Judges of the Supreme and Superior Courts were permitted to be elected either at municipal or general elections, the effect being the same as before in that they could be elected annually.

Article IV, sec. 8 was amended to conform to these changes by requiring the electors to fill vacancies in elective offices at the next election day appropriate to such office according to the provisions of the Constitution, unless the vacancy should happen within 2 calendar months (instead of 3 calendar months as before) immediately preceding such election day, in which case the vacancy should be filled at the second succeeding election appropriate to such office. In making these various amendments to the Constitution, section 25 of article v, which theretofore had conformed to the other provisions of the Constitution, was apparently overlooked so that an apparent inconsistency appears in the Constitution.

As a result, we have the present situation under the Constitution. The judges of the Supreme and Superior Courts may be elected at either a general or municipal

election, as circumstances may require. If a vacancy occurs, the Governor is authorized to fill the vacancy temporarily. To this point there is no inconsistency. There is an apparent inconsistency, however, with respect to the term of the Governor's appointee, inasmuch as under section 8 of article IV the electors apparently would be required to fill the vacancy at "the next election day appropriate to such office according to the provisions of this Constitution", whereas, under section 25 of article V the electors would be required to fill such vacancy at the next general election. While the prior section specifies that where the vacancy occurs more than 2 months preceding the next appropriate election the vacancy must be filled at such election, the latter section provides that where the vacancy occurs more than 3 months prior to a general election, the vacancy must be filled at such general election. The Supreme Court in Buckley v. Holmes et al., 259 Pa. 176 (1917), ruled that the 3-month provision in the latter section governs with respect to the filling of vacancies in courts of record.

Accordingly, we are presented here with the question whether the term "general election", as used in section 25 of article V is still applicable, or whether the amendments made in 1909, which require vacancies in elective offices to be filled by the people at the next election appropriate to the office, and which permit judges of the Supreme and Superior Courts to be elected at a municipal or a general election, have modified or superseded section 25 of article V in this respect.

In approaching this subject we must bear in mind that the Constitution must be construed as a whole in order to ascertain both its intent and general purpose, and also the meaning of each part; that, as far as possible, each provision must be construed so as to harmonize with all others, yet with a view to giving the largest measure of force and effect to each and every provision that shall be consistent with a construction of the instrument as a whole; and that, if a literal interpretation of the lan-

guage used in a constitutional provision would give it an effect in contravention of the real purpose and intent of the instrument as deduced from a consideration of all its parts, such intent must prevail over the literal meaning: 12 C. J. 702, 707, secs. 44 and 45.

Looking at the Constitution as a whole, it is apparent that the general policy of the instrument is to have vacancies in an elective office filled at an election as soon as practicable after the vacancy occurs. This is readily apparent from the provisions of the Constitution quoted above, which expressly require vacancies in elective offices to be filled by the people at the very next election where this may be done conveniently, and, particularly, by the amendment of 1909 to section 8 of article IV which enables the electors to fill vacancies at an election occurring 2 months instead of 3 months after the vacancy. Likewise, in framing section 25 of article V, the framers of the Constitution undoubtedly were actuated by this fundamental policy in requiring vacancies in courts of record to be filled at the next "general election" so long as the vacancy occurred more than 3 months prior to the date of the election. As we have already pointed out, at that time a general election was held every year, and this system was not changed until the adoption of the amendments of 1909. When the Constitution was amended in 1909 to provide that general elections may be held only in even-numbered years, it was also amended to permit the election of judges of the Supreme and Superior Courts at either municipal or general elections. Clearly, the intention of this amendment was to carry out the original intention of the framers of the Constitution that vacancies in offices of the Superior and Supreme Courts might be filled annually.

To construe section 25, article V, literally, to the effect that a vacancy in a court of record could be filled by the people only at a general election, as it is now understood, would, in many cases, as in the case under consideration, preclude the people from expressing their

wish as to the person who should fill the vacancy for a much longer period of time than if this section is construed as having been modified or superseded by the 1909 amendments to section 8 of article IV, and section 3 of article VIII to the extent that vacancies in the Supreme and Superior Courts may be filled at either a municipal or a general election. Such a literal interpretation clearly would contravene the fundamental spirit and intent of the Constitution that vacancies in an elective office are to be filled at an election as soon as practicable after a vacancy occurs.

Reading section 8 of article IV, section 25 of article V, and section 3 of article VIII together, it is clear that the prime purpose of section 8 is to confer upon the Governor the power to fill temporarily vacancies in elective offices, including courts of record; that the prime purpose of section 25 of article V is to prescribe the term of the Governor's appointee to a court of record, namely, the first Monday of January after the people have elected their candidate to fill the vacancy, and that section 3 of article VIII prescribes the election at which the people may fill the vacancy, which in the case of the Supreme or the Superior Court may be the first municipal or general election, as the case may be, occurring more than 3 months after the vacancy. Prior to 1909 these sections were in harmony on this point, and must continue to be so construed in order to effectuate the fundamental policy of the Constitution to have vacancies in elective offices filled at an election as soon as practicable after the vacancy occurs. This construction may readily be adopted by construing the words "general election", used in section 25, article V, as meaning (paraphrasing the language of section 8 of article IV), the "election appropriate for electing judges according to the Constitution", which in the case of the Supreme or Superior Court would be either a municipal or general election, whichever first occurred more than 3 months after the vacancy.

In view of the foregoing, we are of the opinion that

section 25 of article v, read together with the afore-mentioned provisions of the Constitution, as amended in 1909, must be construed to require a vacancy in the Supreme or Superior Court, occurring more than 3 months prior to a municipal election, to be filled by the people at such election.

In substantiation of our position, we point out that the Supreme Court in Buckley v. Holmes et al., 259 Pa. 176 (1917), inferentially placed this construction upon section 25 of article v. In that case a judge of the orphans' court died less than 3 months, but more than 2 months prior to the municipal election of 1917. It was contended that the vacancy could be filled by the electorate at such municipal election under article iv, sec. 8, of the Constitution inasmuch as the vacancy had occurred more than 2 months prior to the date of the election. The Supreme Court, in holding that the vacancy could not be filled by the electorate until the municipal election of 1919 in view of the 3-month provision in section 25 of article v, stated at page 188:

"Judge Dallett died within three calendar months of the election to be held for judges this year, [municipal election of 1917] but more than two calendar months prior thereto. He was a judge of a court of record, and specific provision is made in Section 25 of Article v of the Constitution for the filling of that vacancy by appointment by the Governor of a person who shall hold office until the first Monday of January following the next election after this year for judges other than those elected by the electors of the State at large. That year will be 1919."

The court in speaking of section 25 of article v of the Constitution also stated at page 187:

"This means that if the vacancy happens within three months preceding *the next election at which judges are elected*, the appointee shall hold his office until the first Monday of January following the second election for

judges held after the death which caused the vacancy." (Italics ours.)

The conclusion of the Supreme Court in the Buckley case, that the vacancy in the orphans' court could be filled only at a municipal election, is of particular value in the determination of the question under consideration. The court reached this conclusion despite the wording of section 25 of article v, that vacancies in a court of record should be filled at a "general election". In so doing, the court inferentially assumed that the amendment of 1909 to section 3 of article VIII, which provided that Supreme and Superior Court judges should be elected either at municipal or general elections, and local judges should be elected only at municipal elections, modified or superseded section 25 of article v to the extent that a vacancy in the office of a local judge is now to be filled only at a municipal election instead of a general one. If this be true, it logically follows that the amendment of 1909 likewise modified or superseded section 25 of article v, to the extent that vacancies in the Supreme and Superior Courts are to be filled at the first municipal or general election occurring more than 3 months after the happening of such vacancies.

Moreover, in practice it has been customary to fill vacancies in the Supreme Court or the Superior Court at municipal as well as general elections. Thus, in 1929 Judge Thomas J. Baldrige was elected at a municipal election to fill a vacancy in the Superior Court, and in 1931 Justice James B. Drew was elected at a municipal election to fill a vacancy in the Supreme Court.

Accordingly, you are advised that any person appointed by you as justice of the Supreme Court to fill a vacancy in that office caused by the death of an incumbent will hold such office until the first Monday of January next succeeding the first municipal or general election, as the case may be, occurring 3 or more months after the happening of such vacancy, at which election such vacancy should be filled by the electorate.

From Frederic Ray, Harrisburg.